UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM H. CORNING,

    Plaintiff,

vs.                                     Case No. 3:08-cv-1171-J-32MCR

LODGENET INTERACTIVE INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Leave to Serve Defendant Out of Time (Doc. 10).

## I. INTRODUCTION

Plaintiff filed a pro se Complaint alleging violations of the Americans with Disabilities Act (the "ADA") and the Occupational Safety and Health Act ("OSHA") on December 4, 2008 (Doc. 1) and an Amended Complaint (Doc. 6) on December 19, 2008. On September 8, 2009, the Court entered an order directing Plaintiff to either demonstrate that he had served the defendant or explain why he failed to do so no later than September 25, 2009 (Doc. 9). On September 30, 2009, Plaintiff filed a Motion for Leave to Serve Defendant Out of Time (Doc. 10).

---

[1] Any party may file and serve specific, written objections hereto with TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

## II. BACKGROUND FACTS

On December 4, 2008, Plaintiff filed a pro se Complaint against Defendant alleging violations of the ADA and OSHA (Doc. 1). On that same day, Defendant filed a Motion for Leave to Proceed In Forma Pauperis (Doc. 2). On December 8, 2008, the Court took Plaintiff's Motion to Proceed In Forma Pauperis under advisement and advised Plaintiff to amend his Complaint to adequately plead a cause of action (Doc. 4). On December 19, 2008, Plaintiff filed an Amended Complaint (Doc. 6). Then, on December 23, 2008, the Court entered an Order allowing Plaintiff to proceed in forma pauperis and informing him of the rules of court (Docs. 7, 8).

Approximately nine months after the Complaint was filed, the Court entered an Order, sua sponte, directing Plaintiff to either demonstrate that he had served the defendant or explain why he failed to do so no later than September 25, 2009 (Doc. 9). Then, on September 25, 2009, Plaintiff presented at the Clerk's Office with a summons to be issued, but was advised he was required to file a motion for leave to serve the defendant out of time. On September 30, 2009, Plaintiff filed a Motion for Leave to Serve Defendant Out of Time stating various reasons for failure to conduct timely service. (Doc. 10).

## III. ANALYSIS

A plaintiff is responsible for serving the defendant with both a summons and a copy of the complaint within the time permitted under Federal Rule of Civil Procedure 4(m). Fed. R. Civ. P. 4(c). Federal Rule of Civil Procedure 4(m) provides:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after

> notice to the plaintiff -- must dismiss the action without
> prejudice against that defendant or order that service be
> made within a specified time. But if the plaintiff shows good
> cause for the failure, the court must extend the time for
> service for an appropriate period.

Under Rule 4(m), the failure to effect service within 120 days of the filing of a complaint mandates dismissal. Fed. R. Civ. P. 4(m). However, a plaintiff may request an extension of time for service of process upon the showing of good cause. Id. A plaintiff has the burden of demonstrating the existence of "good cause." Sanders v. Fluor Daniel, Inc., 151 F.R.D. 138, 139 (M.D. Fla. 1993). Good cause only exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007).

Even if a district court determines that a plaintiff failed to show good cause, "the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Id. at 1282. "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." Id.

**A.   Good Cause**

Here, there is no question that Plaintiff failed to serve Defendant within the 120-day time period prescribed by Federal Rule of Civil Procedure 4(m). Paragraphs 2 and 3 of Plaintiff's Motion for Leave to Serve Defendant Out of Time address Plaintiff's reasoning for failure to conduct timely service. (Doc. 10). Paragraph 2 states:

> [o]n February 10, 2009, the defendant was notified by
> certified mail and a request was made to settle the matter

> before court proceedings. The defendant neglected to
> respond to the plaintiff.

In said certified mailing, Plaintiff provides, in pertinent part:

> I will be proceeding pro se and you will be served by the
> U.S. Marshal Service. This letter will serve as a notice to
> attempt to settle before court proceedings.

(Doc. 10-1). This creates the inquiry as to whether failure to conduct service by the U.S. Marshals constitutes "good cause."

A plaintiff proceeding in forma pauperis should be entitled to rely on the court officers and U.S. Marshals to effect proper service where such failure is not due to any fault on the litigant's part. Salas v. Tillman, 162 Fed. Appx. 918, 923 (11th Cir. 2006). As recently pointed out by the Eleventh Circuit , our sister circuits have held that a plaintiff has shown "good cause" for purposes of a dismissal pursuant to Rule 4(m) when a U.S. Marshal has failed to properly serve process through no fault of the plaintiff. Rance v. Rocksolid Granit USA, Inc., 2009 U.S. App. LEXIS 21397 (11th Cir. Sept. 28, 2009); see Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir. 1986) (finding "good cause" and holding that the district court erred in dismissing case for failure to effect service "because the U.S. Marshal had yet to effect personal process through no fault of the litigant"); Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987) (holding "that a plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant").

Here, the Court finds the failure to conduct timely service was solely the fault of Plaintiff, and not the U.S. Marshal's Service. This Court's Order granting Plaintiff's Motion to Proceed In Forma Pauperis provides, in pertinent part:

> Out of an abundance of caution, the Court hereby reminds Plaintiff that he is responsible for preparing summons to be served. The Clerk of the Court shall send Plaintiff a blank Summons to be completed and returned to the Clerk's Office for service by the United States Marshal. Plaintiff should be aware of Rule 4(m), Federal Rules of Civil Procedure, which relates to the service of process ... Plaintiff is hereby informed that failure to timely or otherwise properly perfect service may, ..., result in the dismissal of the action in its entirety as to any Defendant(s) not properly served.

(Doc. 7).[2] Therefore, it was Plaintiff's responsibility to complete and return the blank summons to be served by the U.S. Marshals. Plaintiff failed to do so. Accordingly, failure to conduct service by the U.S. Marshals does not serve as an adequate basis to find "good cause" exists under Rule 4(m).

Furthermore, in the event Plaintiff was unaware of the requirements of Rule 4(m), this does not create a basis for a finding of "good cause." "Pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." Asad v. Crosby, 158 Fed. Appx. 166, 171 (11th Cir. 2005) (citing Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988)). To hold that ignorance of Rule 4(m) constitutes good cause for untimely service would allow the good cause exception to swallow the rule. Id.; see also Wilson v. Publix Super Mkts., Inc., 1993 U.S. Dist. LEXIS 8310 (N.D. Fla.

---

[2] The docket reflects that copies of the Court's Order granting Plaintiff's Motion to Proceed In Forma Pauperis and a blank summons were all mailed to Plaintiff on December 24, 2008. There is no contention that these documents were not received.

1993) (stating that a plaintiff's ignorance of Rule 4(j) [predecessor of Rule 4(m)] even when proceeding pro se does not constitute good cause).  Here, the Court entered two Orders which informed Plaintiff of the rules of court and ordered compliance with said rules.  (Doc. 7, 8).  Therefore, ignorance of Rule 4(m) does not serve as a basis for noncompliance here.

Paragraph 3 of Plaintiff's Motion for Leave to Serve Defendant Out of Time cites the following additional reasons for failure to timely serve Defendant:

> a. On January 14, 2009 the plaintiff was served with [a] summons of foreclosure on his home.
> b. On May 26, 2009 the plaintiff was served [with a] summons of family court proceedings
> c. On or about July 17 2009 the plaintiff's unemployment benefits expired creating more financial hardship.
> d. On September 1, 2009 the plaintiff's COBRA medical insurance expired, leaving the plaintiff with no medication to take to keep his transplanted kidney.

(Doc. 10, ¶ 3).[3]  Although the Court recognizes that these are unfortunate circumstances, they do not qualify as "good cause" required by Rule 4(m).  See Smith v. Pennsylvania Glass Sand Corp., 123 F.R.D. 648, 652 (N.D. Fla. 1988) ("[w]hile the court is sympathetic to the plight of the working man, it cannot condone the actions of a plaintiff who files a complaint, waits 150 or so days to serve it and then, in response to motions to dismiss, argues that he lacked the resources and the time to prosecute it"); see also Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991) (holding that good cause exists only when some outside factor, such as reliance on faulty advice rather than

---

[3]The Court notes that only section (a) occurred within the time period prescribed by Rule 4(m).  Sections (b), (c), and (d) all occurred well after the time for service of process had expired.

inadvertence or negligence, prevented service).  Accordingly, the Court finds good cause for failure to conduct timely service is not present here.

### B.     Discretionary extension

Having determined that good cause does not exist under Federal Rule of Civil Procedure 4(m) to extend the time for service, the Court must then consider whether it should dismiss Plaintiff's case or exercise its discretion to extend time for service. Absent a showing of good cause, a district court has the discretion to extend the time for service of process.  Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005).  The Eleventh Circuit has looked to the Advisory Committee Note to Rule 4(m) for guidance as to what factors may justify the granting of a discretionary extension.  Id.  The Court may consider, among other factors, whether the statute of limitations would bar a refiling, whether unserved defendants have been evading service or concealing a defect in service, and how far beyond the 120-day period actual, effective service was accomplished.  Id. at 1132-33; Fed .R. Civ. P. 4(m), Advisory Comm. Note (2008).

Here, the Court finds that circumstances militate against exercise of the Court's discretion to extend the time for service.  For one, there is no evidence that the statute of limitations would bar a refiled action.  Second, there is no evidence of evasion of service or misconduct on the part of the defendant.  In fact, effective service has never been accomplished.  It was not until the Court, sua sponte, entered an order addressing the issue that Plaintiff even attempted service.  Further, it appears by Plaintiff's February 10, 2009 letter to Defendant, that Plaintiff was attempting to "settle the matter

before court proceedings." (Doc. 10-2). This is not sufficient reasoning to disregard the Federal Rules of Civil Procedure, which were relayed to Plaintiff on more than one occasion (Docs. 7, 8).

It is arguable that Plaintiff's letter to Defendant put Defendant on notice of the impending suit and that may be a factor weighing in Plaintiff's favor. However, the Court finds this alone is not sufficient to warrant an extension of time. See Ojelade v. Coleman, 258 Fed. Appx. 257, 258 (11th Cir. 2007) (affirming dismissal of pro se litigant's claim when process was served via the U.S. Postal Service); Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (affirming dismissal of pro se litigant's claim when process was served by mailing a copy of the summons); see also Schnabel v. Wells, 922 F.2d 726, 728 (11th Cir. 1991) (holding a defendant's actual notice of impending suit is not sufficient to cure defectively executed service). Therefore, the Court finds no special circumstances warrant an extension of time in the instant case.

Accordingly, after due consideration, it is

**RECOMMENDED**:

Plaintiff's Motion for Leave to Serve Defendant Out of Time (Doc. 10) be denied and Plaintiff's Complaint be dismissed without prejudice for failure to effect timely service of process, pursuant to Federal Rule of Civil Procedure 4(m).

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  13th  day of October, 2009.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party